UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WADE E. WOODWORTH and<br>JENNIFER WOODWORTH,<br><br>       Plaintiffs,<br><br>v.<br><br>ETHICON ENDO-SURGERY, INC.,<br>*et al.*,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>) Docket No. 1:06-CV-52-GZS<br>)<br>)<br>)<br>)<br>) |

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

Presently before the Court is Plaintiffs' Motion to Stay Trial or, in the alternative, to Dismiss the Action Without Prejudice (Docket # 17). Via this Motion, Plaintiffs seek to prevent a trial before this Court in March 2007. Defendants Ethicon Endo-Surgery, Inc. and Johnson & Johnson (together, "Defendants") object to this Motion and ask the Court to press ahead with its plans for a March 2007 trial. As explained below, the Court now GRANTS Plaintiffs' Motion (Docket # 17) and DISMISSES this case without prejudice and with the conditions described herein.

Upon reviewing the submissions of the parties as well as the entire docket of this matter, it is clear that Plaintiffs' reasonable attempts to streamline the claims arising out of a single incident, namely Wade Woodworth's December 2004 gastric bypass surgery, have been hindered by the attempt to comply with both the deadlines of this Court and the requirements of the Maine Health Security Act ("MHSA"), 24 M.R.S.A. §§ 2851-59. But for the requirements of the MHSA screening panel process, it is likely that Plaintiffs would have previously sought joinder of the defendants now before the panel and thereby been in a position to seek remand of

this action in accordance with 28 U.S.C. § 1447(e).  However, the revised timeline for completion of the screening panel process suggests that such a joinder will not be possible before May 2007 at the very earliest.

For the reasons explained in Plaintiffs' submissions (Docket #s 17, 19 & 22) and in accordance with Federal Rule of Civil Procedure 41(a)(2), the Court concludes that the best course of action at this time is to GRANT Plaintiffs' Motion to Dismiss Without Prejudice.  In reaching this decision, the Court has considered the procedural posture of this litigation, including the fact that Plaintiffs' Motion was made prior to the filing of any dispositive motions and after having provided Defendants with reasonable notice of its intentions.  Nonetheless, the Court hereby conditions this dismissal without prejudice on the following:  If Plaintiffs refile this action against Defendants, they shall be allowed no further discovery against these Defendants in light of the fact that the deadline for completing discovery on these claims passed on February 2, 2007 (See Docket #s 5 & 16.)  With this condition, this case is hereby DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

  /s/ George Z. Singal
United States Chief District Judge

Dated this 5th day of February 2007.